CHICAGO LUMBER CO. OF OMAHA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28516. Promulgated January 24, 1930.

*E. J. Svoboda, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

**OPINION.**

LANSDON: At the hearing of the proceeding the petitioner abandoned its first allegation of error. It follows, therefore, that the determination of the Commissioner in respect of the amount of $7,329.99 alleged to have been improperly excluded from invested capital for each of the years 1917 to 1920, inclusive, must be approved.

The Commissioner disallowed the cost of the flood wall erected in 1920 on lands owned by the petitioner and alleys surrounded by such lands which had been vacated by ordinance of the city of Omaha as an

ordinary and necessary expense and held that the same was a capital expenditure. The petitioner contends that the usefulness of the wall depended on maintaining the entire structure intact; that the vacated alleys are subject to repossession and reentry by the city of Omaha at any time and, therefore, in relation to that part of the wall across such alleys it is merely a tenant at will, subject to be dispossessed at any time by the fee owner of the property. Under the laws of Nebraska title to a street or alley vacated by a city ordinance reverts to the owners of the adjacent property. Compiled Statutes of Nebraska, sec. 3574, at page 1197, construed by the Supreme Court of Nebraska in *State ex rel. City of Lincoln* v. *Chicago, R. I. & P. R. R. Co.*, 93 Nebr. 263; 140 N. W. 147. We are of the opinion that the cost of the flood wall was a capital expenditure.

As an incident to the operation of its business the petitioner, in 1916, became a member of the Lumberman's Service Bureau and deposited $3,000 therewith as a guarantee that it would observe all the rules of that organization. The record is clear that the amount remained in the assets of the petitioner until 1920; that it was recoverable in any year prior thereto; and that in 1920 it was forfeited by a violation of the rules of such Bureau, and charged off the books of the petitioner. The Board has hitherto held that an ordinary expense is not necessarily one that recurs regularly but is determined by the nature of the transaction in which it is incurred. *Union Collieries Co.*, 3 B. T. A. 540. In the circumstances here we are of the opinion that the amount in question represents an expense incurred in 1920, and that it is a proper deduction from the petitioner's gross income for such year.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MARQUETTE concurs in the result only.

---

STERNHAGEN, dissenting: The facts are insufficient, in my opinion, to enable the Board to determine that the forfeiture of the $3,000 is an ordinary and necessary expense of carrying on the petitioner's business, as claimed. The Commissioner has officially determined that it was not and without knowing more about the deposit, the rules, the " guarantee," the violation, and the forfeiture, it seems to me that the Board can not say that the Commissioner was wrong.

MORRIS, PHILLIPS, and McMAHON agree with the above dissent.

---

VAN FOSSAN, dissenting: In my judgment, the item arising from the forfeiture of a guaranty to the trade organization is not a proper expense deduction. It is not shown to be either an " ordinary " or a " necessary " expense within my understanding of the phrase.